UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

DIONTAE DAVIS,

    Defendant.
_____/

Case No. 20-20595

Hon. George Caram Steeh

ORDER DENYING MOTION
TO VACATE SENTENCE (ECF NO. 51)

Defendant Diontae Davis seeks to vacate his sentence pursuant to 28 U.S.C. § 2255. Davis was sentenced to 55 months in prison for possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). The judgment was entered on March 21, 2022. Because Davis did not appeal, his judgment became final fourteen days later, on April 4, 2022. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004); Fed. R. App. P. 4(b)(1). Davis filed his § 2255 motion on July 16, 2024.

In general, to be timely, a motion under 28 U.S.C. § 2255 must be filed within one year of the date the judgment became final. The statute provides that the "limitation period shall run from the latest of –"

- 1 -

>(1) the date on which the judgment of conviction becomes final;
>(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Davis's motion is untimely under § 2255(f)(1), as it was filed more than two years after the judgment became final.

Davis contends that his motion should not be time barred because the Supreme Court recently determined the statute of his conviction, § 922(g)(1), to be violative of the Second Amendment. Davis has not identified a case that stands for this proposition, however, and recent Sixth Circuit precedent holds the opposite. *See United States v. Williams*, 113 F.4th 637, 657 (6th Cir. 2024) (upholding constitutionality of § 922(g)(1) and noting that "our nation's history and tradition demonstrate that Congress may disarm individuals they believe are dangerous"). The Supreme Court has not recognized a new right that would apply to call Davis's conviction into doubt and extend the time for filing a § 2255 motion under § 2255(f)(3).

Davis also argues that he only recently learned facts that called into question his attorney's advice. His offense level was increased by two because he fled from the police. Davis alleges that he did not understand that this fact would be used by the Bureau of Prisons to determine his custody classification. He does not, however, state when he learned this information, nor has he shown that he could not have learned of it earlier by exercising reasonable diligence. *See* 28 U.S.C. § 2255(f)(4) (limitations period runs from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence").

In sum, Davis has not demonstrated that his motion to vacate his sentence is timely. Therefore, IT IS HEREBY ORDERED that Davis's motion (ECF No. 51) is DENIED.

The court declines to issue a certificate of appealability, which may only be issued if the petitioner makes a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Davis has not demonstrated that he has been denied a constitutional right or that the court's ruling that his motion is procedurally barred is reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Moody v. United States*, 958 F.3d 485, 488 (6th Cir. 2020).

Accordingly, IT IS HEREBY ORDERED that a certificate of appealability is DENIED.

Dated: November 5, 2024

                                    s/George Caram Steeh
                                    HON. GEORGE CARAM STEEH
                                    UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 5, 2024, by electronic and/or ordinary mail and also on Diontae Davis #15372509, Beckley Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 350, Beaver, WV 25813.

s/LaShawn Saulsberry
Deputy Clerk

---